## In re BELDEN et al.

(District Court, N. D. New York. January 31, 1903.)

1. BANKRUPTCY—SALE OF ASSETS—SETTING ASIDE.

A sale of an asset of a bankrupt, fairly and regularly made, will not be set aside at the instance of one who has no other interest than the desire to become the purchaser at a resale, and who offers to make a higher bid, against the objections of all the creditors who could alone be benefited.

In Bankruptcy. This is an appeal, or motion, in the nature of an appeal, to review the action of the referee refusing to set aside the sale of an asset belonging to Alvin J. Belden individually.

Robert E. Drake, for petitioner, Westinghouse Electric & Manufacturing Company.

Wm. M. Brown, for individual creditors of Alvin J. Belden.

RAY, District Judge. Alvin J. Belden and John A. Seely were copartners doing a general contracting business. Having been adjudged bankrupts, it is found that the debts of the firm amount to $166,000, or thereabouts, with assets amounting to $3,000, or thereabouts. The individual debts of Alvin J. Belden amount to at least $49,150.54. His individual property, so far discovered,—and it is conceded he has no other,—amounts to the sum of $10,000, as determined by the sale sought to be set aside. This individual asset consisted of an interest of Alvin J. Belden in the estate of his father, A. Cadwell Belden, who died in 1896, given him by the will of said deceased. It is not necessary to recite the terms of the will of said A. Cadwell Belden. It is clear that it is impossible at this time, and will be impossible for many years to come, if Alvin J. Belden lives, to determine the value of his interest in the estate, held by trustees, applicable to the payment of his debts. It may be very small, and it may prove to be large. An action was brought by the trustee in bankruptcy to recover what might be recovered at this time. Answers were interposed, and a long, protracted litigation was in prospect. An order was made authorizing a settlement of that action, and a sale of such asset, so that the creditors may receive something, the litigation ended, and the bankruptcy proceedings finally ended. Notice of such sale was given to all the creditors of the firm and to all the individual creditors of Belden. The petitioning creditor, Westinghouse Electric & Manufacturing Company, has a large claim against the firm, but no claim against Belden individually. This creditor claims that it did not receive its notice of the sale before it occurred, but does not deny that it was duly sent as required by law. On the sale duly made, and in all respects fairly conducted, this asset sold for the sum of $10,000. This, subject to deductions for commissions, etc., is to be divided among the individual creditors with claims aggregating $49,000, as stated. On the motion to open the sale made before the referee, the petitioning creditor offered to pay $11,000 for this asset, and, on this appeal here, offers to bid $15,000. All the individual creditors of Alvin J. Belden oppose this motion, and protest in writing against a resale. They allege that the delays and expenses will more than counterbalance any possible benefit accruing to them from a resale. It is plain that the general creditors of such firm, of which the petitioner is one, have no interest in a resale of this asset unless it shall sell for more than $49,000. It is not indicated in any manner that there is hope such will be the case. The fact that, after full investigation of the matter, the petitioning creditor only offers $15,000, is strong evidence that a resale will only benefit the individual creditors of Belden, if it does them, and that the Westinghouse Electric & Manu-

facturing Company has no interest to open this sale, except a possible desire to become a bidder and purchaser at the resale, with the hope, or possibly with the expectation, that it will become the purchaser, and find the asset of greater value than the sum paid. This court does not doubt its power to open this sale on the ground of inadequacy of consideration, but to do that, in face of the opposition of all the creditors interested in that consideration, would be unjustifiable.

This motion must therefore be denied, and the order of the referee denying the motion to set aside the sale made, and order a resale, approved and confirmed. It is so ordered.