---

### In re SHEA.

#### (District Court, D. Massachusetts. May 7, 1903.)

#### No. 6,414.

1. BANKRUPTCY—POWERS OF COURT—SETTING ASIDE SALE BY TRUSTEE.

    A court of bankruptcy has general authority to set aside a sale of a bankrupt's property, made under an order of a referee, on the ground of misconduct of the trustee in making such sale, without proof of fraud on the part of the purchaser, and although the order of the referee did not require the sale to be made subject to the approval of the court; and such a sale will be set aside on petition of a creditor who was prevented from bidding by the action of the trustee, on his giving security to make a substantially higher bid for the property at a resale.

In Bankruptcy. On petition by creditor to set aside a sale of property by the trustee.

A. K. Cohen, for bidder.

James S. Murphy, for purchaser.

LOWELL, District Judge. This is a creditor's petition to set aside the sale of an equity of redemption belonging to the bankrupt's estate, which sale was made under the following circumstances: The equity of redemption was scheduled by the bankrupt as worth $1,000. The appraisers returned its value as nothing. An expert sent afterwards by the trustee to value the estate is said to have reported that it was not worth more than $500, and it was reappraised at that sum on January 15, 1903. On December 29, 1902, the petitioner's counsel told the trustee that the petitioner wished to make a bid for the equity. The trustee replied that he was not then ready to sell the estate, that there was not a great deal of equity in it, and that his expert had valued it at not more than $500. The petitioner's counsel replied that he thought it was worth more than that—at all events, his client desired to make a bid for it—and that, whenever the trustee was ready to sell, his client wanted an opportunity to bid. The trustee replied that he should have an opportunity. This conversation the petitioner's counsel confirmed to the trustee by letter written on the same day. Thereafter the trustee brought a petition for leave to sell the estate at private sale, which petition was granted on its return day, January 28th. On January 27th, petitioner's counsel informed the trustee that he had made arrangements to go away the next day, and asked if the trustee intended to sell the real estate. The trustee replied that he had no present intention of doing so. Counsel replied: "Very well. Then I do not see that it will be nec-

essary for me to appear to-morrow. You will be sure to let me know when you are ready?" On January 30th or 31st the trustee sold the equity to the bankrupt's sister for $500, without giving the petitioner or his counsel any notice. Within a reasonable time after learning of the sale, the creditor brought this petition, and now offers to pay $1,500 for the equity of redemption. Counsel for the purchaser has appeared in opposition to the creditor's petition.

Comment upon the trustee's conduct is unnecessary. That he made the sale in disregard of his duty is plain. The petition contains no specific allegation of bad faith on the part of the purchaser, and, apart from her relationship to the bankrupt, there is no evidence of her bad faith. That a court of bankruptcy may set aside a sale for misconduct and bad faith on the part of the trustee, without evidence of fraud on the part of the purchaser, seems to be implied in In re Belden (D. C.) 120 Fed. 524, and, under the act of 1867 (14 Stat. 517, c. 176), was expressly decided by Judge Dillon in In re O'Fallon, Fed. Cas. No. 10,445. The amendatory act of 1874 expressly gave this power to the court of bankruptcy, and so In re Bousfield, Fed. Cas. No. 1,702, is not in point. The general power of the court of bankruptcy to set aside sales made under its orders is asserted in Lowell on Bankruptcy, § 417. Section 70b of the act of 1898, 30 Stat. 566, c. 541 [U. S. Comp. St. 1901, p. 3451], provides that, when practicable, property shall be sold subject to the approval of the court. The order to sell made by the referee in the case at bar contained no such limitation, and so the authority of the court to set aside this sale must depend upon that general authority to deal with sales made under its orders which is inherent in a court of bankruptcy. This authority is not, I think, taken away by the provision just cited.

Speaking generally, a court has authority to set aside a sale made by its orders, on the ground of the misconduct of its officer in making the sale. If, for example, the officer misleads the purchaser to the detriment of the latter, the sale may be set aside, if the purchaser has not been negligent; and this although the estate is thereby injured. By parity of reasoning, it should seem that, if the estate has been prejudiced by the misconduct of the officer, the sale should be set aside, though the purchaser is thus deprived of a good bargain. The purchaser at such a sale, though acting in good faith, is not a bona fide purchaser for value, as that term is generally used. The doctrine of bona fide purchase for value has its application in saving an honest man from pecuniary loss, not in giving to the purchaser the benefit of a good bargain. There is here no question of loss by the purchaser. Upon the avoidance of the sale, the purchase money will be returned to her. If the court has authority to set aside a sale of the bankrupt estate for misconduct of a trustee, I am satisfied that authority should be exercised in this case. The sale will be set aside upon the creditor's filing a sufficient agreement to bid $1,500 for the equity at the next sale. See Angel v. Clark, 21 App. Div. 339, 47 N. Y. Supp. 731; Passmore v. Moore (Ky.) 22 S. W. 325; Hartley v. Roffe, 12 W. Va. 401, 425; Koop v. Burris, 95 Wis. 301, 70 N. W. 473; Rorer on Judicial Sales, § 545.