## In re SHEA.

### Ex parte KLEIN BROS.

(Circuit Court of Appeals, First Circuit. November 5, 1903).

No. 501 (Original).

1. BANKRUPTCY—SETTING ASIDE SALE—VALUE OF PROPERTY—NECESSITY OF FINDING.
    Where an equity belonging to a bankrupt is appraised and sold for $500, and afterwards, on application of creditors to be let in to bid, the sale is set aside on condition that they agree to pay $1,500, which they do, the court's failure to find that the equity was worth more than $500 is immaterial to the validity of the decree in view of the presumption that it acted rightly.

2. SAME—DISCRETION.
    Under Bankr. Act 1898, § 2 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), investing bankuptcy courts with such jurisdiction at law and equity as will enable them to cause bankrupts' estates to be collected and distributed, on it appearing that would-be bidders were, without fault on their part, prevented from bidding at a sale of a bankrupt's estate, though having notified the trustee of their desire to bid, such a court has discretion to set aside such sale on their agreeing to bid three times the amount realized; though the sale was for the full amount of the appraisal.

3. SAME—OCCASION FOR EXERCISE—LOSS OF OPPORTUNITY TO BID.
    Discretion to set aside a sale of a bankrupt's estate may properly be exercised where would-be bidders, though having seasonably notified the trustee of their intention to bid, are, without fault on their part, prevented from doing so, whether through the intention or inadvertence of the officer conducting the sale or by accident; and this though such bidders had not offered any specific sum for the property.

4. SAME—REVIEW.
    According to the practice in the federal courts, an appellate tribunal is precluded from revising the exercise of discretion in setting aside a judicial sale by a court having equitable jurisdiction, unless there is an abuse of power, or the case is otherwise extreme.

5. SAME—REFUSAL TO CONFIRM SALE.
    Under Bankr. Act 1898, § 70b (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]), requiring all a bankrupt's property to be appraised, and providing that it shall, when practicable, and always unless sold for 75 per cent. of the appraised value, be sold subject to

the court's approval, any sale for which it is practicable to obtain such approval conveys no title till confirmed, expressly or impliedly, until which a setting aside thereof is in reality a refusal to confirm.

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts, in Bankruptcy.

For opinion below, see 122 Fed. 742.

James R. Murphy, for petitioner.

Chester W. Ford, trustee, pro se.

Abraham K. Cohen, for Klein Bros.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a revisory petition under the statute in bankruptcy of July 1, 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), coming up as follows: Among the assets of the bankrupt was a heavily incumbered parcel of real estate, the equity in which, at the formal appraisal, was returned as of no value. Subsequently, on an investigation by a real estate expert, set on foot by the trustee, a re-examination of the value of the property was had, resulting in a report estimating the equity at $500, and on a supplemental appraisal it was valued accordingly. Thereupon, in accordance with statute and general orders, the trustee petitioned for leave to sell at private sale. The creditors were duly notified of this petition, and given an opportunity to be heard in reference thereto, and, there being no opposition, leave was granted on January 28, 1903. The equity was sold on January 31, 1903, to the petitioner, for $500, being the full appraised value. There never has been any confirmation of the sale, and on February 20, 1903, Klein · Bros., creditors of the bankrupt, who, with the trustee, are made respondents to this petition, filed an application in the District Court, before the referee, setting out the authorization of the trustee to sell as aforesaid, and the sale, and alleging that "long prior to said January 28th" the petitioners verbally requested of the trustee that they might be given an opportunity to bid for the property, which was confirmed by letter. The application further alleges that Klein Bros. were assured by the trustee that such opportunity would be given them, and also that on January 27th the trustee told them that he did not contemplate any immediate sale. Nevertheless, as they further allege, the sale was made at the time named, without any notice to them or without their having an opportunity to bid for the property, and for an inadequate consideration; and they prayed that it be not confirmed, but be revoked. After notice to the trustee and the present petitioner and a hearing, the referee affirmed the sale. Thereupon, at the request of Klein Bros., the case was certified to the District Court. That court, with an opinion, decreed that the sale be set aside on Klein Bros. filing a sufficient agreement to pay $1,500 for the equity at the next sale, which was done. Thereupon this petition was presented, praying a decree affirming the sale. Both Klein Bros. and the trustee have appeared in response thereto, and all parties have been duly heard at the bar of this court.

There is no specific finding of facts by either the referee or the District Court, so that questions of law are not made for us in the manner in which we have said in our opinion passed down on October 13, 1903, in Boston Dry Goods Company et al., Petitioners (C. C. A.) 125 Fed. 226, the same should be presented. It does not even appear that there was any finding that the value of the equity in question exceeded $500, and the record does not show why the court stipulated the sum of $1,500. Nevertheless, we are able to make an adjudication to a limited extent, and probably so far as to cover the only substantial questions that could in any way have been brought before us.

First of all, the omission from the record of any specific finding by the District Court that the value of the equity in question exceeded $500 is not material, because, on the ordinary rule, in the absence of anything to the contrary, the court must be assumed to have acted rightly, and therefore it must be further assumed that it found that the value of the equity was triple the price which the trustee was to receive therefor. The petitioner, however, raises a sharp question of law, based on section 70b of the statute of July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], as follows:

"All real and personal property belonging to bankrupt estates shall be appraised by three disinterested appraisers; they shall be appointed by, and report to, the court. Real and personal property shall, when practicable, be sold subject to the approval of the court; it shall not be sold otherwise than subject to the approval of the court for less than seventy-five per centum of its appraised value."

It is to be noted that by section 2 of this act the District Courts sitting in bankruptcy are invested "with such jurisdiction at law and in equity as will enable them" to "cause the estates of bankrupts to be collected, reduced to money and distributed." According to the usual powers of courts of equity with reference to judicial sales, according to rules well settled, even with the limitations stated in Pewabic Mining Company v. Mason, 145 U. S. 349, 356, 12 Sup. Ct. 887, 36 L. Ed. 732, in view of the alleged facts that Klein Bros. had expressly informed the trustee of their desire to bid for the property, and to be advised of the time when the trustee was prepared to sell, in order that they might so bid, and that, nevertheless, they were, without fault on their part, prevented from doing so, it cannot be questioned that it was within the discretion of the court, on finding such alleged facts proved, and that the equity was of a value triple the sum the trustee expected to receive, to set aside the sale, even if it were strictly a question of setting it aside.

In passing we may add that the exercise of discretion to set aside a sale would be justly called for so long as parties intending to bid had seasonably advised the officer conducting the sale that they so intended, and were prevented from bidding without fault on their part. Under such circumstances, whether the loss of the opportunity to bid happened through inadvertence on the part of the officer conducting the sale, or through his intention, or by any accident for which the intending bidders were not responsible, would be immaterial.

It is objected that Klein Bros. made no offer of any specific sum

for the property; but whatever inference might be based on that would be futile. For aught the record shows, the District Court might have found, as alleged by Klein Bros., that the trustee assured them that he was not contemplating an immediate sale, and thus turned them aside. However all this may be, it should be remembered that, according to the practice in the federal courts, an appellate tribunal is prohibited from revising the exercise of discretion in matters of this kind by a court having equitable jurisdiction, unless there is an abuse of power, or the case is in other respects extreme. There is nothing which this record properly brings to us, or even suggests, which justifies the probability of the existence of an exception of that character.

But on a true construction of section 70b the case before us is not one of setting aside a sale, but of affirming it. As we have already said, this provision has no such interpretation as that given it by the petitioner. So far from that, it clearly provides that in every case the sale shall be subject to the approval of the court when practicable, and even the limitation "when practicable" does not apply when the sale is less than 75 per centum of the appraised value. In other words, under all circumstances the sale is subject to approval by the court "when practicable"; and there is no question in this case that it was practicable to obtain such approval. Therefore the question is one of confirming, and not of setting aside; so that, strictly speaking, we are within the rule of Williamson v. Berry, 8 How. 495, 546, 12 L. Ed. 1170, to the effect that, when a sale is made subject to confirmation, no title vests until it is confirmed. Under such circumstances it is all the more difficult for an appellate tribunal to interfere with the exercise of the discretion of the court of the first instance. If a judicial tribunal authorized to make a judicial sale expressly reserves the right to approve or disapprove, it certainly would require a very extreme case to justify some other tribunal in injecting its own discretion. The condition seems to be the same where the right to approve or disapprove is expressly reserved by statute. We refer to this in order that it may be understood that we have not overlooked any aspect of the proceedings before us.

We do not undertake to say that section 70b requires always a formal approval. If a sale is made and silently acquiesced in for a considerable time, or if the proceeds thereof are credited in the trustee's account, and the account is passed, either may be held to meet the requirements of the statute. In the case at bar, however, it does not appear that any account crediting the $500 was ever passed by the referee or the court, and the action of Klein Bros. was so prompt as to prohibit the application of any rule of laches, or any suggestion that the sale had been impliedly approved. Therefore there is nothing in the record impeaching the action of the District Court, or even suggesting the impeachment thereof, and we must hold that the petitioner has not maintained her case.

Let there be a decree dismissing the petition, with costs for the respondents.