## In re KRONROT.

(District Court, E. D. New York. December 27, 1910.)

**1. BANKRUPTCY (§ 268\*)—SALES—RIGHTS OF PURCHASER.**

    A purchaser of a bankrupt's property at public sale held by the trustee is entitled to rely on an absolute compliance with the terms of the sale, and on the absolute fairness of the auction conducted under the order of the court.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 372–379; Dec. Dig. § 268.\*]

**2. BANKRUPTCY (§ 258\*)—SALE OF REAL ESTATE—RIGHTS OF LIENOR.**

    Where an order was passed directing that petitioner's claims should be a lien on any funds in the hands of the bankrupt's trustee, petitioner

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·did not have a lien on the bankrupt's property, and hence his consent was not essential to a sale of the property by the trustee, if he had notice.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 362; Dec. Dig. § 258.*]

3. BANKRUPTCY (§ 264*)—SALE OF REAL ESTATE—CONFIRMATION.

A purchaser of real estate belonging to a bankrupt sold at public sale by his trustee is entitled to have the sale confirmed, if made on sufficient notice, and there appears to have been a compliance with all necessary and proper requirements for holding the sale, and honesty and fair dealing in the sale itself, etc.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 369; Dec. Dig. § 264.*]

4. BANKRUPTCY (§ 269*)—SALE OF REAL ESTATE—CONFIRMATION—OBJECTIONS.

Where petitioner had a lien on any funds in the hands of a bankrupt's trustee, but not on the bankrupt's real estate as such, a public sale of certain of such real estate to a third person, otherwise valid, would not be set aside because petitioner failed to continue bidding, so as to protect his interest, owing to a mistaken prior statement by the trustee that petitioner would be required, on purchasing the property, to make an actual deposit of cash or certified check at the time of sale, notwithstanding his claim of lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 370; Dec. Dig. § 269.*]

, In the matter of bankruptcy proceedings of Julius Kronrot. On petition of Samuel Palley to set aside a sale of certain real estate belonging to the bankrupt. Denied.

Oscar A. Lewis, for petitioner.

Latson, Tamblyn & Pickard, for trustee.

Lynn C. Norris, for purchaser.

CHATFIELD, District Judge. The petitioner, Palley, was in possession of a large quantity of property, which the bankrupt had turned over to him at the time of a depression in the real estate market, under circumstances which showed plainly that the bankrupt was attempting to avoid the sacrifice of his real estate, even though he may have been attempting also to protect his creditors. A suit was brought against the petitioner to compel him to reconvey the properties, after a motion therefor, in this court, had been denied on the ground that Palley was then claiming title. This suit was settled, under order of this court, which authorized the trustee to discontinue the action upon certain terms, by which a number of real estate liens and other claims, including the disbursements and compensation of Palley, the petitioner, were admitted and transferred as liens to what the order called "any funds in the hands of the trustee."

It would have been wise if at that time Mr. Palley had asked to have the order read that his claim should be a lien upon any funds *or property* in the hands of the trustee, and as the matter now turns out it would seem that such an order would have expressed the intention of the court more accurately than the one in question. But, be that as it may, the order entered provided that Palley's claim should be paid out of the equities—that is, out of the proceeds of the estate; and because of that his consent or release was not expressly required by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court when ordering sales of the various properties, in each case the advantage or propriety of such sale having been favorably acted upon by the creditors, and Mr. Palley having actual notice of what was being done.

One by one the pieces of real estate comprising the estate have been sold, and but very small amounts realized therefrom; the large equity shown by the bankrupt's schedules having substantially disappeared through the depression in real estate values from the amounts at which the bankrupt rated his property before any trouble arose. Each of the various sales of real estate, as has been said, were approved by the creditors and confirmed by the court, with provisions for taking care of the various real estate claims or liens which were matters of record; and the present application arises from the sale of the last parcel, which was put up at auction, under order of the court, to be sold free and clear, and which has realized a net price of about $915 over the incumbrances.

It appears from the affidavits that Mr. Palley was present at the sale, and that he either assisted in the making of some bids, or bid himself for another party, but that their bids ceased before the one upon which the property was knocked down. It would also appear that Mr. Palley had some correspondence or communication with the trustee, and that he did not bid more because of the impression received by him from the trustee that an actual deposit of cash or certified check would be required, although Palley had his allowed claim against the estate for much more than would be required to bind the sale.

If Mr. Palley had appealed to the court, or had questioned this information by the trustee, it is apparent that his right to interpose a larger bid, even if he did not wish to put up the cash, could have been fairly considered and provided for. If Mr. Palley had insisted on bidding at the sale, and the question of making a deposit or finally being able to pay the amount bid had come up, again the court could have fairly acted upon the rights of the creditors and of Mr. Palley. But unfortunately, as it now appears, no such situation developed. A third party (who had the right to rely upon an absolute compliance with the terms of sale, and upon the absolute fairness of an auction conducted under the order of court) bid the property in, and while the sale was subject in all things to the confirmation of this court, that confirmation must depend upon the sufficiency of the notice, the compliance with all necessary or proper requirements in holding the sale, honesty and fair dealing in the action itself, and a proper treatment of the bidder in considering his rights after the property was knocked down to him, which would generally involve merely the possibility of his completing the purchase and of the adequacy of his bid; this last being particularly involved because of the provision of the statute that a bid of less than 75 per cent. cannot be completed, except upon confirmation thereof by the court.

In the present instance the bid is less than 75 per cent. of the appraised value. The circumstances are such, and a prior sale of the same property indicates, that the sale should not be set aside from the standpoint of inadequacy. There is nothing in the way the sale was con-

ducted, or the notice that was given, or the compliance with the terms of sale, to give to this court the right to take away the property of the purchaser on his bid.

To put Mr. Palley back in the position in which he would have been if he had not allowed the sale to go on, and to disregard the rights of the purchaser, solely to help out Mr. Palley, while appealing to the court, in so far as the court's officer, namely, the trustee, might be found to have made a mistake in his statements to Palley, nevertheless, no basis for relieving Palley actually exists, except sympathy for his failure to protest, or to do something, in the face of the trustee's interpretation of the court's order. The purchaser is entitled to be heard upon such an application, to the extent of showing that he has rights, and to point out why the discretion of the court should not be exercised. Sturgiss v. Corbin, 141 Fed. 1, 72 C. C. A. 179.

He has appeared herein, and the affidavits do not satisfy the court that the sale should be set aside, even though the situation appears to be that Mr. Palley has unfortunately allowed the property to pass beyond his control, and at a value where he cannot be reimbursed for charges that are not disputed, and for which he was entitled to credit in any dealings with the estate, and which are still claims against the estate on that account.