# IN THE MATTER OF D. FABIAN & COMPANY, Bankrupts.

San Juan, Bankruptcy, No. 68.

IN RE CONFIRMATION OF BANKRUPTCY SALE.

Bankruptcy — Review by Court.
   1. Where a party claiming to be injured wishes to have the court review the action of the referee, the referee must certify the question

presented, together with a summary of the evidence and his own findings.

**Bankruptcy — Sale.**

2. Where a sale is had under an order of the referee, the purchaser does not have a vested right to approval, even though the price be not unconscionable, and the discretion of the referee will not be disturbed by the court.

Opinion filed September 26, 1913.

---

*Mr. H. F. Besosa* for Carvajal.

*Mr. Frank Antonsanti* for trustee of D. Fabian & Company.

*Mr. Louis Banigan,* referee, *pro se.*

HAMILTON, Judge, delivered the following opinion:

In the process of reducing to money the property of the bankrupt the referee on March 4, 1913, ordered the sale of a certain piece of property in Santurce, valued in the schedules at $2,910.02, and the usual notice of sale was sent out to creditors. At the the public sale on March 18 there were several bidders, and the trustee knocked down the property to Manual Carvajal at $1,000, which was duly paid, and the matter reported to the referee. The referee declined to approve the sale, and called a meeting of creditors, and at this meeting, March 28, all creditors present voted against confirmation. A new sale was ordered, which is now pending.

Whereupon Carvajal claimed that he had a right to the con-

firmation of the sale, and at his request the referee certified the matter up to this court for adjudication.

1. The procedure followed is that proper to secure a review by the judge of proceedings of the referee supposed to be erroneous. The party injured must file with the referee his petition setting out the error, and the referee shall certify to the judge the question presented, a summary of the evidence thereon, and the finding and order of the referee. Some of these steps were abbreviated, but the matter is fairly before the court upon the papers and admissions made in argument. General Order in Bankruptcy, No. 27.

2. The question raised, therefore, is whether, when the purchaser conforms to the advertisement, and the price bid is not low enough to shock the conscience, the purchaser has such a vested right that the sale must be approved, or has the referee the right, at the request of creditors, to refuse confirmation and order a resale.

The primary object of the bankrupt law is the interest of creditors, but this implies that sales should be had under fixed rules upon which bidders can rely; otherwise there would be no certainty to sales, and the interest of creditors would not be advanced. There is no question that a confirmation by the referee is generally requisite, and such confirmation may be dispensed with only when the property is sold for at least 75 per cent of the appraised value. Bankruptcy act, § 70b. This appraisal refers to one by three disinterested appraisers who shall be appointed by and report to the court. Bankruptcy act, § 70b. It is conceded that no such appraisers were appointed in this instance, and the purchaser contends that, inasmuch as the

Matter of Fabian & Co.

price paid is not unconscionably below the valuation for taxation, the sale should have been confirmed.

This, however, is not the law. The rule is that all property shall, when practicable, be sold subject to the approval of the court, that is, the referee. Collier, Bankr. 7th ed. 835. The only execption is a sale for at least 75 per cent of the value as fixed by the official appraisement. If there has been no appraisement, there can be no sale without the approval of the court. It is true that the referee is required by the same section to appoint these appraisers, but if it is not done the defect cannot be taken advantage of by a third party.

The result is that this sale was not one in which the confirmation of the referee could be dispensed with, and that confirmation was a matter of discretion which this court will not reverse unless it appears to have been abused. Re Shea, 10 Am. Bankr. Rep. 483, 122 Fed. 742, same case on appeal, 61 C. C. A. 219, 11 Am. Bankr. Rep. 210, 126 Fed. 153.

It cannot be said that the discretion of the referee has been abused in this case. The primary object of the bankruptcy proceedings is the benefit of the creditors, and they themselves requested that this sale be not confirmed. Re Belden, 120 Fed. 524. The fact that the trustee's advertisement of sale reserved the right in him to reject bids did not in any way change the law that the referee must confirm the sale. The law is read into the proceedings, and any purchaser must be held to act with knowledge of the law.

It follows, therefore, that the action of the referee must be sustained, and a review is denied.