## In re MOOSE RIVER LUMBER CO.

### (District Court, N. D. New York. May 27, 1918.)

1. DEEDS ⬭⊃111—CONSTRUCTION—EFFECT.

Where, to clear up the bankrupt's title, petitioner and her sister conveyed all their right, title, and interest to certain property, such conveyances, having been based on a valuable consideration, would carry with them any leasehold rights which petitioner might have in the land.

2. BANKRUPTCY ⬭⊃151—TRUSTEE—SALES BY.

A trustee in bankruptcy takes the right, title, and interest of the bankrupt in both real and personal property, and he cannot, by selling the property in which he asserted the bankrupt had an interest, convey a greater right than the bankrupt had.

3. BANKRUPTCY ⬭⊃288(1)—CONTROVERSIES—SUMMARY PROCEEDINGS.

Where petitioner claimed a leasehold in lands and to own structures thereon, and an adjudication of her title would require other parties to be brought in, her summary petition to restrain the trustee from selling such lands, etc., as those of the bankrupt, cannot be granted, but that question should be left for determination in a plenary action, for petitioner might forbid the sale and notify purchasers of her interest, and such purchasers could acquire no greater rights than the bankrupt had.

In Bankruptcy. In the matter of the bankruptcy of the Moose River Lumber Company. Application by Gertrude A. T. Dix for an order restraining John P. Cloonan, as trustee, from selling certain camp buildings, etc. Application denied.

This is an application by Gertrude A. T. Dix for an order restraining John P. Cloonan, as trustee in bankruptcy, from selling "four camp buildings and outbuildings, known as the Dix camps." Other property including the timber rights on several hundred acres of land is also advertised for sale. Mrs. Dix claims that these camp buildings belong to her individually and that the trustee in bankruptcy has no right or interest therein. The trustee, on the other hand, claims that he has an interest therein which it is his duty to sell in closing out the estate.

Wm. H. Sullivan, of Norwich, N. Y., for petitioner.
H. D. Hinman, of Binghamton, N. Y., for trustee.

RAY, District Judge. This bankruptcy proceeding has been pending about two years or more. The camps spoken of, consisting of buildings, are in the Adirondack region near McKeevor, Herkimer county, N. Y. Mrs. Dix does not claim to be the owner of the fee on which these buildings are located, but does claim that in 1911 she was given a lease of the premises for the term of 25 years by the Iroquois Pulp & Paper Company, and that such lease is in full force. It is claimed that the lease was executed in duplicate, and one given to Mrs. Dix and the other to the Iroquois Company and that the one given Mrs. Dix has been lost. It is not shown that search for the other has been made. The Iroquois Company is not in bankruptcy.

[1] Ex-Gov. John A. Dix, the husband of the petitioner, was president of the Moose River Lumber Company and an officer of the Iroquois Pulp & Paper Company. He testifies that these camps refer-

red. to are not within the boundaries of and located on certain lands recently deeded by Mrs. Dix and her sister to the Moose River Lumber Company. to clear up title. If these camps or camp buildings spoken of are on such lands, it would seem clear that Mrs. Dix has transferred and surrendered all her right, title, and interest therein to the Moose River Lumber Company under the deeds referred to, and which were given for a valuable consideration to clear up title. If such camps are not on such lands, then the title and right of Mrs. Dix to such camps are not affected by such deeds. The trustee in bankruptcy of the Moose River Lumber Company claims that these camp buildings are on the property so deeded.

[2, 3] These premises referred to were conveyed by Mrs. Dix and her sister many years ago, it is claimed, to the Moose River Lumber Company, and by that company to the Iroquois Pulp & Paper Company, reserving timber rights in the Moose River Lumber Company, and which timber rights it is now proposed to sell. The Iroquois Company is not a party to this proceeding, and it is impossible to make an adjudication, even if it could be made in such a proceeding as this, as between that company and Mrs. Dix, as to the existence or nonexistence of the lease claimed.

If the lease was executed and delivered as claimed by Mrs. Dix, and if the camps referred to are not on the lands recently conveyed by the deeds referred to, then Mrs. Dix has a right to the use and occupation of these camp buildings for the balance of the term of 25 years. She claims to have expended large sums of money in the erection, etc., of these camp buildings, and to have kept them in repair to an extent, and to have occupied them from time to time, and claims that her occupation has been exclusive as to the buildings; that is, that no one else has occupied them.

It is well settled that a trustee in bankruptcy takes the right, title, and interest of the bankrupt in both real and personal property, and that he, as trustee, has no other or greater right than the bankrupt had. It follows in this case that John P. Cloonan, as trustee, has no other, further, or greater right in these camps or camp buildings than the Moose River Lumber Company had and now has under the deeds referred to, and that he cannot sell any interest in these camps or these camp buildings that the Moose River Lumber Company did not own at the time of the bankruptcy. The subsequent deeds referred to were to clear and settle the title.

The notice of sale given by the trustee under the direction of the referee in bankruptcy only offers and proposes to sell "to the highest bidder or bidders his right, title and interest as such trustee in and to," etc. If the trustee has no right, title, and interest in these camps or camp buildings, he will not sell and will not be able to convey, even if he purports so to do, any interest, right, or title in these camps or camp buildings, and the rights of Mrs. Dix will be unaffected by such sale. The right, title, and interest, if any, of the trustee in bankruptcy is subject and subordinate to those alleged by Mrs. Dix, and if he sells and has any interest, that interest in the hands of a purchaser will be subject and subordinate to the interest of Mrs. Dix, unless she has

surrendered or conveyed her interest in these buildings in and by the deeds referred to, to the Moose River Lumber Company.

At this time I do not think this court can settle or determine these questions in this summary proceeding between Mrs. Dix, the petitioner, the trustee in bankruptcy, and the Iroquois Company. Whoever purchases at this sale will purchase at his or her peril, notice being given at the sale of her claim, and in an appropriate action Mrs. Dix will be able to assert and prove and establish her claim to these camps, whatever it is, and the sale of his interest therein, whatever it is, by the trustee in bankruptcy, will not affect her rights in any way or manner. The sale proposed, if made, will simply transfer to the purchaser, if there be one, such rights as the Moose River Lumber Company had, and no more, and they will remain subject to the prior and superior rights and interests of Mrs. Dix, if any. Mrs. Dix can take care to attend the sale and forbid same, and give notice of her rights and ownership under the lease. She can take and hold possession, and defend in an ejectment action. This will afford her full protection, and enable her to assert, prove, and maintain her rights against any purchaser. The buyer will purchase with full notice of her claim, and must be prepared to assert or defend his title against her claims.

So long as the trustee makes a claim of interest in these camps or buildings, he has the right and it is his duty to sell same and clean up the estate; but neither he nor the court can give any warranty or assurance to the purchaser that he or she will obtain title thereto as against Mrs. Dix. To repeat: The purchaser at this sale will take such interest, and such interest only, as the trustee in bankruptcy had, or has subsequently acquired, to the property in question. This court ought not to interfere with the proposed sale, as it would operate merely to postpone the sale and embarrass the trustee in closing up the estate.

This question of title to real estate, or to an interest in real estate, ought not to be settled, and I think cannot be settled, in such a proceeding as this. The parties must resort to a plenary action to settle this question of title. It affects and involves an interest in real estate, whether it be in fee or for a term of years under a lease. It must not be understood that this court is deciding that either the trustee in bankruptcy or Mrs. Dix has any title whatever in these camps or buildings, or that the one has title as against the other.

Motion for a restraining order denied.