## CENTURY MOTOR TRUCK CO. v. NOYES.

## In re NORTHWAY MOTOR CO.

(Circuit Court of Appeals. First Circuit. April 7, 1927.)

No. 2099.

1. **Bankruptcy ⟨⟩227—Inclusion of summary of evidence in referee's certificate held substantial compliance with General Order No. 27 in Bankruptcy.**

Under General Order No. 27 in Bankruptcy, providing that, when petition is filed for review of order of referee, he shall certify to the judge the questions presented, a summary of the evidence, etc., the evidence need not be attached to the certificate, but it is enough that the certificate contains a summary thereof.

2. **Bankruptcy ⟨⟩467(3)—Court's order refusing confirmation of sale of bankrupt's property for less than 75 per cent. of appraised value is reviewable only for abuse of discretion (Bankruptcy Act, § 70b [Comp. St. § 9654]).**

Under Bankruptcy Act, § 70b (Comp. St. § 9654), providing that bankrupt's property shall not be sold otherwise than subject to approval of the court for less than 75 per cent. of its appraised value, confirmation of sale for less is in court's discretion, and, in absence of abuse thereof its confirmation of referee's refusal to confirm a sale for much less than such per cent. is not reviewable, though the referee had authorized sale on condition that it should not be made for less than a certain amount, and the bid was more than that amount.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

In the matter of the Northway Motor Company, bankrupt. From an order of the court confirming an order of the referee refusing to confirm a sale by Frank V. Noyes, trustee, to the Century Motor Truck Company, and confirming a later sale to another, the Century Motor Truck Company appeals. Affirmed.

Robert A. B. Cook, James H. Duffin, and Phipps, Durgin & Cook, all of Boston, Mass. (Max H. Finkelston, of Detroit, Mich., of counsel), for appellant.

Mason H. Stone, of Boston, Mass., for appellee.

Frank O. White and Curtis G. Metzler, both of Boston, Mass., for amici curiæ.

Before JOHNSON and ANDERSON, Circuit Judges, and LOWELL, District Judge.

JOHNSON, Circuit Judge. This is an appeal from an order of the District Court of the United States for the District of Massachusetts dismissing a petition by a trustee in bankruptcy for confirmation of a sale of property of the bankrupt and confirming a subsequent sale.

The facts, so far as material, are as follows: On July 23, 1926, the trustee of the Northway Motor Corporation, the bankrupt, sold at public auction certain real estate and personal property of the bankrupt estate at Marion, Ind. The price bid for the real estate was $10,200 and for the personal property $32,026.02, a total of $42,226.02. On July 30, 1926, the trustee filed a petition before the referee in bankruptcy of the District Court of Massachusetts, which had jurisdiction of the bankrupt estate, asking that the sale be confirmed. At the hearing upon confirmation an offer of $50,000 was made in open court, before the referee, for the same property, and the referee dismissed the petition on the ground of inadequacy of price.

On August 5, 1926, the trustee filed a petition for leave to sell the property at private sale, which, upon notice and hearing, was granted by the referee upon the condition that not less than $50,000 should be received for said property.

On September 15, 1926, the trustee, after notice by letter to such persons as he believed would attend and bid, held a sale of said property at the office of Frank Owen White, Esq., in Boston, and agreed, subject to confirmation by the court, to sell the real estate to one Albert C. Barley for $19,000, and all the personal property, except cash and acccounts receivable, to the Century Motor Truck Company for the sum of $47,100; said sales being made subject to confirmation by the court.

On September 21, 1926, the trustee filed a petition for confirmation of the last-named sales, and a hearing was had thereon before the referee.

At the hearing, Albert C. Barley offered $75,000 for both the real and personal property in its entirety, being $8,900 in excess of the total of the two offers which the trustee had last received, and for the confirmation of which he had filed a petition. At the same time a deposit of $7,500 was made by the said Barley in connection with his offer.

The Century Motor Truck Company was represented by counsel at this hearing. The said Albert C. Barley appeared in person and with counsel, and the Rutember Motor Company, which had made an offer of $50,000 for the property at a previous hearing, was also represented by counsel. Barley and the trustee were sworn and examined and cross-examined, as appears by the certificate of the referee; and, after hearing evidence and ar-

guments, the referee, September 24, 1926, ordered the petition for confirmation of the sales for $66,100, which had been made at the office of Mr. White, dismissed.

September 25, 1926, the trustee presented to the referee a petition for confirmation of the sale of both real and personal property, free and clear of all liens, to Albert C. Barley for $75,000, which said petition was allowed and the sale confirmed by the referee.

[1] On October 4, 1926, the Century Motor Truck Company filed a petition for review of the orders of the referee, and requested the referee to annex to his certificate a transcript of the testimony, comprising 60 pages of typewritten matter taken before the referee at the hearing held September 24, 1926. This the referee declined to do, on the ground that all of the testimony material was presented by his certificate and comprised a summary required by General Order No. 27 in Bankruptcy, which is as follows:

"When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

As upon a petition later filed with the judge of the District Court to recommit the referee's certificate because of this refusal—this is assigned as error—we dispose of it here by saying that the certificate contained a sufficient summary of the evidence, which was a substantial compliance with this order.

On November 1, 1926, the District Court ordered, adjudged, and decreed that the order of the referee:

"(a) Dismissing the petition for confirmation of sales of real estate and personal property situated at Marion, Ind.," and

"(b) The order of the referee of September 25, 1926, confirming sale of said property to Albert C. Barley, be and they hereby are confirmed."

A petition for rehearing was filed, which was denied by the District Court on November 19, 1926.

Section 70b of the Bankruptcy Act is as follows:

"All real and personal property belonging to bankrupt estates shall be appraised by three disinterested appraisers; they shall be appointed by, and report to, the court. Real and personal property shall, when practicable, be sold subject to the approval of the court; it shall not be sold otherwise than subject to the approval of the court for less than seventy-five per centum of its appraised value." Comp. St. § 9654.

The real estate in question was appraised for $47,250, and the personal property for $116,783, an aggregate of $164,033.

[2] The question presented is within a small compass. There is no serious contention that the referee erred in refusing to confirm the sales at public auction, but it is contended that the sales made by the trustee at the office of Mr. White in Boston, and authorized by the referee in bankruptcy on condition that the sale should not be made for less than $50,000, should have been confirmed by the District Court. While the highest bidder for property offered for sale by a trustee in bankruptcy is entitled to have his bid accepted by the trustee and reported for confirmation, he is not a purchaser, and is not vested thereby with even an equitable title in the property until the sale is confirmed. See In re Wolke Lead Batteries Co. (C. C. A.) 294 F. 509.

The sale which the referee refused to confirm, and which refusal, upon review, was confirmed by the court, was for much less than 75 per centum of the appraised value in the case of both the real estate and the personal property. In such case the Bankruptcy Act has lodged the confirmation of such a sale within the discretion of the District Court, and, unless there is an abuse of this discretion, the order of the District Court is not subject to review. See, in this circuit, In re Shea, 126 F. 153; Jacobsohn v. Larkey (C. C. A. 3) 245 F. 538, L. R. A. 1918C, 176; In re Wolke Lead Batteries Co. (C. C. A. 6) supra.

Our decision in this case should not be taken as an approval of a general practice of upsetting sales which have taken place in the regular course of winding up a bankruptcy estate. Jacobsohn v. Larkey (C. C. A.) 245 F. 538, 541, L. R. A. 1918C, 176. This practice was long ago found in England to be an improvident one, as it discouraged bidding at sales. Graffam v. Burgess, 117 U. S. 180, 191, 6 S. Ct. 686, 29 L. Ed. 839; White v. Wilson, 14 Ves. 151.

The decree of the District Court is affirmed, with costs to the appellee.