## In re MACKLEM.

District Court, D. Maryland. October 4, 1928.

No. 5082.

See, also, 22 F.(2d) 426.

Lee I. Hecht, of Baltimore, Md., for trustee.

Young & Crothers, of Baltimore, Md., for bankrupt.

Frederick Lee Cobourn, of Havre de Grace, Md., for intervening petitioners.

WILLIAM C. COLEMAN, District Judge. There are two questions before the

court. The first one is whether a public sale of certain real estate of the bankrupt should be rescinded, because the order and advertisement of sale did not disclose that the property was sold subject to the dower right of the bankrupt's wife. The case arises upon a petition by the trustees in bankruptcy for an order of rescission. The second question involves the title to certain improvements on real estate of the bankrupt's relatives, which improvements the trustees claim are assets of the bankrupt's estate and, accordingly, have petitioned that they be so declared and surrendered to them.

Taking up the first question, pursuant to court order the trustees sold, at public auction to the highest bidder, three parcels of real estate which the bankrupt owned and a fourth parcel in which he had a one-tenth interest. The sale was advertised in full compliance with the court's order, the advertisement reciting "the real property belonging to the bankrupt, all of which is situated in the second election district of Harford county, with the improvements thereon, will be sold," etc. Then followed a description of the several parcels. The advertisement contained no other reference to the character of the interest that the trustees purported to convey, nor was the court order itself more specific. The sale was duly ratified by the court on March 30, 1928, no exceptions having been taken thereto. It appears that the purchase money has been fully paid, and deeds executed to and recorded by the respective purchasers. Thereafter, on the 18th of June, 1928, the trustees petitioned the court to pass an order rescinding the sale of all the properties, declaring the deeds, etc., thereto, null and void, and directing the trustees to return the purchase money and to advertise the property for resale; it being alleged that through a mutual mistake the properties were purchased subject to the dower right of the bankrupt's widow; that the purchasers did not receive what was purported to be sold to them, because they were not notified through the advertisement of sale that the sale was being made, and could only be made, subject to such dower. It appears that the purchasers of only two of the parcels desire a rescission of the sale and a return of what they have paid. Certain unsecured creditors, with substantial claims, have protested against a rescission and resale, claiming that the same would result in loss to them and other creditors. They assert that, since the sales were fairly made to the highest bidder, ratified by this court, purchase money fully paid, the deeds executed to and recorded by the respective purchasers, who have entered into possession of the property, and since, if any of the purchasers did not know that they purchased subject to a right of dower, they should have so known, therefore it would be inequitable to set the sales aside.

■ It is well settled that a bankrupt's estate cannot be sold free and clear of his wife's dower without her consent. In re Kelly (C. C. A.) 252 F. 115 (Fourth Circuit). A purchaser at a bankruptcy sale acquires no greater rights than the bankrupt himself had in the property sold. In re Moose River Lumber Co. (D. C.) 251 F. 409; Savage v. Savage (C. C. A.) 141 F. 346, 3 L. R. A. (N. S.) 923 (Fourth Circuit). Thus, a bankrupt's property may be sold subject to liens, and, if the sale is not expressly ordered to be free and clear of liens, purchasers take subject thereto. In re Reading Hat Mfg. Co. (D. C.) 224 F. 786. So, in the present case, the order and advertisement of sale containing no reference to incumbrances, under the rule of caveat emptor the purchaser acquired no more than the bankrupt himself had. In re Plattville Foundry & Machine Co. (D. C.) 147 F. 828. Dower is a valuable property right of the wife, of which she cannot be deprived without her consent. There has been no consent in the present case, and so the trustees in bankruptcy had no authority to sell, free and clear of this dower. See Lynn v. Gephart, 27 Md. 547; Roth v. Roth, 144 Md. 553, 125 A. 400.

■■ It is, of course, true that this court may, and should, set aside a sale made by a trustee in bankruptcy, if there is a fraud in any form or a presumption of fraud, or such a material mistake as would result in injustice to a purchaser if not corrected. In re Leigh (C. C. A.) 272 F. 678; Jacobsohn v. Larkey (C. C. A.) 245 F. 538; In re Shea (C. C. A.) 126 F. 153. See, also, in re Kronrot (D. C.) 183 F. 653. But in the present case there is no claim or semblance of fraud; nothing in the order or advertisement of sale, or in the manner in which the sale was conducted, that should mislead a reasonable purchaser. Nor is there any testimony as to the real value of the dower interest, as compared with the fee-simple value of the respective properties, or with the total consideration paid. Indeed, the very fact that the sale was declared to be a trustee's sale, on its face, put every purchaser upon inquiry. At least, it did not permit assuming something to be true which would not ordinarily be true in any sale of a husband's real estate, namely, that the

wife's right of dower is not a subject of inquiry. If, as in one or more of the cases upon which the trustees appear to rely, the advertisement of sale had purported to sell a fee-simple title, and the purchaser in fact acquired only a leasehold, there would be ground for rescission.

The second question relates to the trustees' claim to the canning house and equipment situated on property belonging to the bankrupt's sisters. They have answered the claim of the trustees, asserting title to the property in question and denying that the bankrupt has any interest therein. The merits of this controversy need not be here determined, because it is well settled that a bankruptcy court has no jurisdiction in a summary proceeding of this kind to settle a substantial, adverse claim to property. An adverse claim is to be deemed substantial, and not merely colorable, when claimant's contention discloses a contested matter of right, involving some fair doubt and reasonable room for controversy. Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897. The court finds the present contention to be of this character, so the trustees must proceed in a court wherein the claim might have been brought, if bankruptcy proceedings had not been instituted. In the present situation, the question must be adjudicated in the state court, in the absence of the requisite diversity of citizenship to give jurisdiction to the federal court.

Both petitions filed by the trustees must therefore be dismissed, the last named without prejudice to the institution of a plenary action by the trustees in a court of proper jurisdiction.