IN RE ESTATE OF WHITFIELD SANFORD.
CHARLES W. SANFORD ET AL., EXECUTORS, APPELLANTS, V. SAUNDERS COUNTY, APPELLEE.

FILED SEPTEMBER 28, 1912. No. 16,458.

1. **Taxation: INHERITANCE TAX: DOWER INTEREST.** The dower interest of the widow in the estate of her deceased husband, whether taken under his will or by operation of law, is not subject to an inheritance tax.

2. **Opinion Modified.** Former opinion in this case, 90 Neb. 410, modified.

OPINION on motion for rehearing of case reported in 90 Neb. 410. *Former opinion modified, and judgment of district court reversed.*

BARNES, J.

It was contended on the argument of the motion for a rehearing that the recently adjudicated cases hold that, notwithstanding the fact that the widow of one who dies testate takes under the will and thus relinquishes dower, the value of her dower interest in the lands of which her husband died seized is not chargeable with an inheritance tax; in other words, the value of her dower interest should be deducted from the appraised value of the estate, and the inheritance tax should be computed on the remainder thereof. It would seem, from a review of the cases decided since our opinion was adopted, that such is the weight of authority. The reason for the rule seems to be that the widow takes her dower interest in the estate of her deceased husband by operation of law; that she could not be deprived of it by his will; that it is something which belongs to her absolutely and independent of any right of inheritance or succession, and therefore so much of the estate as belonged to her by right is not chargeable with an inheritance tax. We are not inclined to place ourselves in opposition to the weight of authority on this question, and to this extent our former judgment is modified.

It is next contended that we should further modify our former judgment by holding that the claim of Charles W. Sanford for $35,524.95 against his father's estate should also be deducted from the appraisement before the inheritance tax is computed. We see no reason to change our former opinion on this question. While the demurrer of the county admits the facts which are well pleaded by the petition, it must be observed that the petition is insufficient in that it fails to set forth any enforceable contract or agreement between Charles W. Sanford and his father which would sustain a judgment against the estate,

and it appears that, after the succession of the estate, the beneficiaries under the will, who were also the sole executors thereof, agreed between themselves upon the so-called satisfaction of this claim. Such an agreement should not have the effect of avoiding the payment of a substantial part of the inheritance tax.

Finally, as to the matter of interest, we are of opinion that interest should be charged on the amount of the tax found after deducting the dower interest of the widow from the appraised value of the estate, and the payment already made upon the inheritance tax, and interest should be computed on the balance from the date of the death of the decedent.

For the foregoing reasons, the judgment of the district court is reversed and the cause is remanded for further proceedings in harmony with this opinion.

                                        REVERSED.

REESE, C. J., not sitting.

FAWCETT, J., dissents from so much of the foregoing opinion as refers to the claim of Charles W. Sanford, for the reasons assigned in his dissenting opinion upon the former hearing, reported in 90 Neb. 410, 417.

HAMER, J., concurs in the dissent of FAWCETT, J.

LETTON, J., dissenting.

I am unable to concur in the view that, where a widow renounces her dower right and takes under a will, the devise or bequest is not liable to the inheritance tax. It is my view that, if the widow had taken her dower right, it would not be liable to the tax, since dower is not transferred by will, and is not the subject of inheritance. It, therefore, does not come within the provisions of the statute. But, in this case, as was held in the former opinion, since the widow rejected the dower and took the provisions made for her in the will, the bequest or devise is taxable.

since the title was transferred from the testator by means of the will, and not by operation of law.

The statute says "All property * * * which shall pass by will" shall be subject to the tax, and it contains no provision for offsetting the value of dower against the value of a legacy or devise. For the court to read such a proviso into the law would, in my opinion, be judicial legislation of the baldest sort. Ross, Inheritance **Tax**, sec. 56.

I adhere to the views expressed in the former opinion.

ROSE, J.  I adhere to former opinion.