# LOUIS J. ROTH

*vs.*

# IDA B. ROTH.

### *Inchoate Dower—Sale Without Wife's Consent—Equity Jurisdiction.*

Equity has no jurisdiction, at a husband's request, to direct the sale of his property free from the wife's inchoate dower, such an interest, though capable of release, not being susceptible of sale or transfer, and being one of which she can be divested only with her consent. p. 544

Code, art. 16, sec. 228, providing, under certain conditions, for the sale of property and investment of the proceeds, when there exists an estate for life, or other limited estate, in the property, and also a remainder or executory interest, does not apply by reason merely of the existence of an inchoate right of dower. p. 544

*Decided January 18th, 1924.*

Appeal from the Circuit Court of Baltimore City (DUFFY, J.).

Bill by Louis J. Roth against Ida B. Roth. From an order sustaining defendant's demurrer and a decree dismissing the bill, plaintiff appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*William W. Powell,* with whom was *Louis J. Roth* on the brief, for the appellant.

*David Ash,* for the appellee.

URNER, J., delivered the opinion of the Court.

The bill of complaint in this case was filed by a husband who is separated from his wife, and its purpose is to have a lot of ground, of which he is the owner, sold free of his wife's inchoate right of dower. It is alleged in the bill that such a sale would be advantageous to the parties interested. The specific prayer of the bill is that a decree be passed appointing a trustee for the dower interest of the defendant and directing the trustee to join with the plaintiff in a sale of the property and to invest one-third of the proceeds for the benefit of the plaintiff during his life, or so long as he continues to be the husband of the defendant, and to be paid to him discharged of the trust if he survives the defendant, or they become absolutely divorced, and to be paid to the defendant in the event of her survivorship as the plaintiff's widow. A demurrer to the bill was sustained.

It is clear that a court of equity has no jurisdiction to decree such a sale as the bill proposed. The Code provision (article 16, section 228), by which the proceeding is sought to be supported, is not available for that purpose. It provides, under certain conditions, for the sale of property, and the investment of the proceeds, when there exist, under separate ownership, "an estate for life or years," or "an estate tail, fee simple, conditional, base or qualified fee, or any other particular, limited or conditional estate," and also "a remainder or remainders, vested or contingent, or an executory devise or devises, or any other interest, vested or contingent in the same land." An inchoate right of dower is not within the scope of those terms. It is not an interest which may be the subject of such ownership or disposition as the statute contemplates. It enures to the wife solely by virtue of the husband's seisin, and has no existence independently of his title. It may be extinguished by release, but is not susceptible of being sold or transferred. These principles of the law of dower have been repeatedly applied by this Court. *Hill* v. *Boland,* 125 Md. 113; *Pyle* v. *Gross,*

92 Md. 132; *Duttera* v. *Babylon,* 83 Md. 544; *Mitchell* v. *Farrish,* 69 Md. 237; *Reiff* v. *Horst,* 55 Md. 47.   The marital interest which is sought to be made the subject of a judicial sale in this case is one of which the wife cannot be divested without her consent.   As Judge McSherry said in *Stein* v. *Stein,* 80 Md. 309, "her status is fixed by the law and she cannot be coerced."

In the case of *Masterman* v. *Masterman,* 129 Md. 167, upon which the appellant relies, it was said that a decree, under the Code provision we have cited, could be passed for the sale of property owned by the husband and wife as tenants by the entireties.   With such an estate the inchoate dower of a wife could not be classified for the purposes of our present decision.

The order and decree sustaining the demurrer and dismissing the bill of complaint will be affirmed.

*Order and decree affirmed, with costs.*