## LYNCH v. CONGDON et al.

(Circuit Court of Appeals, Eighth Circuit. August 5, 1924.)

### No. 6539.

**1. Internal revenue ⬤—8—Estate tax is on transfer, and not on cessation of decedent's interest.**

Estate tax collectable under Revenue Act Sept. 8, 1916, § 202, subd. (c), being Comp. St. § 6336½c, is not tax on cessation of decedent's interest, but on transfer of property, and is not collectable out of bank deposits held jointly by decedent and another prior to passage of act.

**2. Internal revenue ⬤—2—Estate Tax Act not retrospective.**

Revenue Act Sept. 8, 1916, § 202, subd. (c), being Comp. St. § 6336½c, declaring an estate tax on bank deposits held jointly or as tenants in the entirety by decedent and another, is not retrospective, and under it no tax is collectable on bank deposit held by decedent and wife jointly, where transaction was completed before passage of act.

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Action by Clara B. Congdon and others, as executors of the last will and testament of Chester A. Congdon, against Margaret C. Lynch, as executrix of the estate of Edward J. Lynch, Collector of Internal Revenue for the District of Minnesota. Judgment for

plaintiffs, and defendant brings error. Affirmed.

Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., and Nelson T. Hartson, Sol. of Internal Revenue, and Thomas H. Lewis, Jr., Sp. Atty. Bureau of Internal Revenue, both of Washington, D. C., for plaintiff in error.

A. L. Agatin and F. H. Degroat, both of Duluth, Minn., for defendants in error.

Before KENYON, Circuit Judge, and AMIDON and SCOTT, District Judges.

KENYON, Circuit Judge. Plaintiff in error is the executrix of the estate of Edward J. Lynch, deceased, who was collector of internal revenue for the district of Minnesota at the time of the transaction in question. Defendants in error are the executors of the last will and testament of Chester A. Congdon, who died November 21, 1916. At the time of the latter's death he was the owner of a large amount of real and personal property. The facts producing the present controversy, narratively related, are as follows:

April 26, 1913, the Northwestern National Bank of Minneapolis, Minn., issued a certificate of deposit, payable to the order of "Chester A. Congdon and Clara B. Congdon, * * * or either of them or both, or the survivor," in the sum of $50,000, due in 3, 6, 9, or 12 months, bearing interest at the rate of 3 per cent. April 30, 1914, the American Exchange National Bank of Duluth issued a certificate of deposit to the same parties for $50,000, payable two months after date, to the order "of either of them, or the survivor," on the return of the certificate properly indorsed, with interest at the rate of 2 per cent. if left 2 months; 2½ per cent. if left 3 months, and 3 per cent. per annum if left 4 or 6 months. Both certificates were at all times after their issuance in the possession of said Clara B. Congdon. After the death of Chester A. Congdon, his wife, Clara B. Congdon, claiming to be the owner of the funds evidenced thereby, presented said certificates of deposit to said banks and received the amounts due thereon.

The Commissioner of Internal Revenue held that under the federal Estate Tax Law the aggregate amount of these certificates, with interest to the date of decedent's death, in the sum of $109,192.80, should be added to the value of decedent's gross estate for the purpose of taxation, and the tax was so assessed. Defendants in error paid the same under protest in writing accompanying the payment, and gave notice to the collector of internal revenue that action would be brought against him for the recovery of the tax, for the reason that the tax so imposed was illegal, erroneous, and void upon the grounds set forth in said written protests. On July 9, 1919, defendants in error made appeal and application to the Commissioner of Internal Revenue, in accordance with the provisions of law and the regulations of the Secretary of the Treasury of the United States, and upon forms specified by the Commissioner of Internal Revenue, for the refund of the money so paid. These appeals and applications were denied by the Commissioner, and this suit was brought to recover $11,045.57, the amount paid as a tax on the aggregate of these certificates of deposit.

A jury was waived by written stipulation duly filed, and the court made findings of fact and announced its conclusions of law. The sole question presented is this: Did the money deposited in the two banks by Chester A. Congdon, to the joint account of himself and Clara B. Congdon, or the survivor, prior to the passage of the Estate Tax Act of 1916, constitute a part of the gross estate of the decedent, Chester A. Congdon, within the purview of subdivision (c) of section 202 of the Revenue Act of 1916, 39 Statutes at Large, 756 (Comp. St. § 6336½c), known as the Estate Tax Act? Said section is as follows:

"Sec. 202. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible, or intangible, wherever situated.

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.

"(b) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title; and

"(c) To the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person, or deposited in banks or other institutions in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have belonged to the decedent.

"For the purpose of this title stock in a domestic corporation owned and held by a nonresident decedent shall be deemed property within the United States, and any property of which the decedent has made a transfer or with respect to which he has created a trust, within the meaning of subdivision (b) of this section, shall be deemed to be situated in the United States, if so situated either at the time of the transfer or the creation of the trust, or at the time of the decedent's death."

[1] The certificates of deposit are peculiar. Either Chester A. Congdon or his wife, Clara B. Congdon, had control of the fund. The interest of decedent ceased at his death. It is the theory of plaintiff in error that the tax is not upon the transfer of property included in the gross estate, but upon the cessation of decedent's interest in these deposits; that it is not a question of transfer from a joint depositor to the surviving joint depositor; that there is in fact no such transfer, each depositor being an owner of the entire interest in the entire property during their joint lives, and therefore there is no passing of property from decedent to the survivor, but merely a cessation of decedent's interest in the property; that such property is the same as any other property, and that Chester A. Congdon had the entire interest in the same, and that it ceased by reason of his death. However interesting and debatable as a matter of first impression this theory may be, we think consideration of it foreclosed by the decision of the Supreme Court of the United States in Shwab v. Doyle, 258 U. S. 529, 42 Sup. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454 and companion cases.

[2] The status of Clara B. Congdon, the wife, and her right in the joint deposits, were fixed before the passage of the Tax Act by the Congress. The certificates were delivered to her at the time of issue. She had the continuous possession of the same and cashed them after his death. The arrangement gave to her a present joint ownership of the funds represented by the certificates, and the right of sole ownership if she survived him. This transaction was complete before the passage of the act. Unless the act providing for such tax is retrospective in its operation the tax assessed and collected was invalid. The Supreme Court has settled this question as to this very act in Shwab v. Doyle, 258 U. S. 529, 536, 42 Sup. Ct. 391, 393 (66 L. Ed. 747, 26 A. L. R. 1454). From the opinion we quote: "We need only say that we have given careful consideration to the opposing argument and cases, and a careful study of the text of the act of Congress, and have resolved that it should be not construed to apply to transactions completed when the act became a law." See, also, Union Trust Co. v. Wardell, 258 U. S. 537, 42 Sup. Ct. 393, 66 L. Ed. 753; Levy v. Wardell, 258 U. S. 542, 42 Sup. Ct. 395, 66 L. Ed. 758; Knox v. McElligott, 258 U. S. 546, 42 Sup. Ct. 396, 66 L. Ed. 760.

Plaintiff in error in its brief states the nature of the transaction as follows· "He has in effect made a gift intended to take effect at his death. He has retained an interest which ceases at death in many respects similar to that universal class of taxable transfers. * * * He has created an estate, the quantum of which cannot be established until his death."

Counsel for defendants in error in their brief admit for the purpose of argument that this statement is correct as to the nature of the joint deposit. The Supreme Court, however, in the cases herein referred to, does not seem concerned with the nature of the testamentary character of the gift or transaction involved so much as with the question of whether the act was intended to apply to any such transaction entered into before its passage. In Shwab v. Doyle a gift in contemplation of death was involved. In Union Trust Company v. Wardell the transfers were in contemplation of death. In Knox v. McElligott a joint deposit was involved. Under the decisions of the Supreme Court referred to, the conclusion of the trial court that the moneys deposited in the two banks before the passage of the federal Estate Tax Act of 1916 to the joint account of Chester A. Congdon and Clara B. Congdon did not constitute a part of the gross estate of the said decedent within the meaning of subdivision (c), § 202, of said act, was correct.

The judgment is affirmed.