## MUNROE v. UNITED STATES et al.

(District Court, D. Nebraska, Omaha Division. March 9, 1925.)

No. 1664.

**1. Internal revenue ⚌38—Individual beneficiary may sue to recover back federal estate tax paid by executor.**

A person entitled to one-half of residuary estate of' decedent in Nebraska may sue to recover back a federal estate tax paid by executor, under Revenue Act 1918, §§ 401–403 (Comp. St. Ann. Supp. 1919, §§· 6336¾b–6336¾d), though suit ought more properly to be brought by representative of decedent.

**2. Courts ⚌363, 371(6)—In determining validity of federal tax on interest of surviving spouse, law of particular state determines nature of interest taxed.**

In determining validity of graduated estate tax imposed by Revenue Act 1918, §§ 401–403 (Comp. St. Ann. Supp. 1919, §§ 6336¾b–6336¾d), the state statutes and decisions determine nature of interest of surviving spouse, and also determine how accession of survivor to ownership should be regarded in law.

**3. Internal revenue ⚌2—Tax graduated on value of interest of surviving spouse held to violate constitutional limitation on power of Congress to lay direct taxes.**

Since by statutes and decisions of Nebraska the inchoate right of surviving spouse becomes absolute by operation of .law, Revenue Act 1918, §§ 401–403 (Comp. St. Ann. Supp. 1919, §§ 6336¾b–6336¾d), attempting to levy and collect tax graduated on value 'of interest of surviving spouse on occasion of other's death, violates constitutional limitation on power of Congress to lay direct taxes.

At ˙Law. Petition by John A. Munroe against the United States and A. B. Allen, Collector of Internal Revenue for the District of Nebraska. On demurrers to petition. Demurrers overruled, with directions.

Baldrige, Dorsey, Randall & Baldrige, of Omaha, Neb., for plaintiff.

James C. Kinsler, U. S. Atty., of Omaha, Neb., for defendants.

WOODROUGH, District Judge. The demurrers to the petition present these questions for decision:

(1) Can a person entitled to one-half of the residuary estate of a decedent in Nebraska sue to recover back a federal estate tax paid by the executor, or must such suit be brought by a representative of the estate?

(2) Can the United States and the collector of internal revenue be joined as defendants in one action, and which of them

should properly be held as defendant herein?

(3) Is the tax imposed by the federal Revenue Act of 1918 graduated according to the interest in the personalty of the deceased spouse, which passes to the survivor under the Nebraska statute, valid or unconstitutional?

[1] I. In response to the first question as to the proper person to bring the suit: I am of the opinion that this kind of a suit ought more properly to be brought by a representative of the estate of the decedent, and that the attempt to maintain the action by the individual would in many instances give rise to such complications in measuring the relief and assuring finality of litigation that the suit would fail. But no statute is found directly prohibiting the individual from suing, and I cannot foresee any injury to the rights of the government if the plaintiff is allowed to proceed individually in this particular action. Also regulations are referred to which seem to imply that individual actions are allowed in such a case as here presented, when the estate has been closed and the executor discharged. Regulations 63, 1922 Edition.

The demurrer on the ground of plaintiff not being the proper party to sue is therefore overruled.

II. As to the second question, concerning the proper party defendants (the collector or the government), a statement was made by counsel for plaintiff that it was the intention ultimately to dismiss as to one or the other defendant, and therefore I make no ruling on this question.

[2] III. On the main question as to the validity of the tax, elaborate and painstaking briefs have been submitted, following oral argument, on behalf of the parties to the suit and also for others interested. On consideration I am of opinion:

1. That the statutes and rules of decision in Nebraska determine the nature of the interest of the surviving spouse in the real and personal property of which the other died seized, and also determine how the accession of the survivor to ownership should be regarded in law. Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969; Lederer v. Pearce (C. C. A.) 266 F. 497, 18 A. L. R. 1466; Frick v. Lewellyn (D. C.) 298 F. 803; De Vaughn v. Hutchinson, 165 U.· S. 566, 17 S. Ct. 461, 41 L. Ed. 827; Randolph v. Craig (D. C.) 267 F. 993; Lederer v. Northern Trust Co. (C. C. A.) 262 F. 52; Blum v. Wardell (D. C.) 270 F. 309; War-

dell v. Blum (C. C. A.) 276 F. 226; Id., 258 U. S. 617, 42 S. Ct. 271, 66 L. Ed. 793,

[3] 2. That by statutes and decisions of Nebraska the interest of the surviving spouse does not come to him through the death, either by inheritance or testamentary succession, nor as distributive share in the estate, but his inchoate right becomes absolute by operation of law. And this results the same, whether, as in this case, there is a will, which purports to give him the same identical interest which he would have had without it, or whether he exercises an election to take his statutory interest outside the will. In re Sanford, 91 Neb. 752, 137 N. W. 864, 45 L. R. A. (N. S.) 236; In re Strahan, 93 Neb. 828, 142 N. W. 678.

3. That the attempt of Congress (Revenue Act 1918, §§ 401, 402, 403 [Comp. St. Ann. Supp. 1919, §§ 6336¾b–6336¾d]) to levy and collect tax graduated upon the value of the interest of the surviving spouse on the occasion of the other's death violates the constitutional limitation upon the power of Congress to lay direct taxes. Pollock v. Farmers' L. & T. Co., 157 U. S. 429, 15 S. Ct. 673, 39 L. Ed. 759; Blum v. Wardell (D. C.) 270 F. 309; Wardell v. Blum (C. C. A.) 276 F. 226; State Tax Cases, Opinion of Attorney General, 23 Treasury Dec. 238 (No. 3138).

It is therefore ordered that the demurrers to the petition be overruled, and that the clerk make such entry on the journal, allowing such exceptions as counsel may request.